# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARBATINE NORCEIDE, NARCES NORCEIDE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>CAMBRIDGE HEALTH ALLIANCE, d/b/a Cambridge Hospital, Somerville Hospital and Whidden Hospital,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

1. This is a proceeding for injunctive and declaratory relief and monetary damages to redress the deprivation of rights secured to plaintiffs Bartatine Norceide and Narces Norceide ("Plaintiffs"), as well as all other employees similarly situated ("Class Members") under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and under Massachusetts statutory law.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under 29 U.S.C. §216 (b).

3. This Court's supplemental jurisdiction of claims arising under Massachusetts law is also invoked.

4. Venue is appropriate in the District of Massachusetts since the allegations arose in this district, the Plaintiffs reside in this district and the Defendant reside in this district.

## CLASS ACTION ALLEGATIONS

5. The class consists of all current and former non-exempt employees who were not (and continue not to be) paid for all of their time worked, either during supposed meal breaks, or before or after their scheduled shift.

6. The class consists of all non-exempt employees who were subject to an automatic ½ hour deduction for meal breaks supposedly taken, when work was actually performed during those meal breaks and no payment was made for the work performed.

7. The class numbers in the thousands, since Defendant has hundreds of non-exempt employees at each of its 3 hospitals, all subject to the same policies and there are hundreds, if not thousands, of former employees at each of the facilities with the statute of limitations pertaining to the claims. Defendant's website describes it as serving more than 160,000 Massachusetts residents and it has thousands of non-exempt staff who have served them.

8. All such non-exempt employees were subject to the same common policies and practices, including the automatic ½ hour deduction for meal breaks supposedly taken, when work was actually performed during those meal breaks and not compensated.

9. All such non-exempt employees were subject to the same common policies and practices, including the payment for employees based on their scheduled shift, rather than based on the time they actually started working or finished working.

10. Defendant lacks records of the actual time such non-exempt employees started working and stopped working each day, and Defendant has no records of meal breaks actually taken or not taken, just the presumption that meals were taken by virtue of the automatic ½ hour deduction, which is not an accurate gauge of whether Plaintiffs' actually received an uninterrupted 30 minute meal break.

11. These questions of law and fact predominate over any other questions.

12. Plaintiffs' claims in the above respects are typical of the class.

13. Plaintiffs can adequately represent the class since these violations of law happened to them and there are no known conflicts between their claims and those of other Class Members.

14. A class action is manageable here, since the court is dealing with common policies and practices.

15. It is also the most efficient and judicious way to resolve the claims and bring Defendant's practices in line with the law, class-wide.

## PARTIES

16. Defendant, Cambridge Health Alliance, describes itself on its website as follows:

> [A]n integrated health system serving Cambridge, Somerville, and Boston's metro-north communities. With three hospital campuses, an extensive primary care network, and an employed physician model, CHA provides high-quality, culturally competent care to a large, diverse patient population. In addition, its Network Health provides comprehensive health coverage to more than 160,000 Massachusetts residents.
>
> *Our History*
>
> CHA was formed in 1996 when two Massachusetts hospitals - Cambridge Hospital and Somerville Hospital - joined together, and along with their community health centers, began operating under one hospital license. As a combined entity, the system was better able to meet the needs of its patients and fulfill its shared community health mission.

17. Defendant has more than 30 clinical locations, including 15 primary care practices and 20 specialty centers, both in the community and at its hospital campuses.

18. Upon information and belief, its locations in the community employ the same unlawful practices as alleged herein, as there is a centralized billing and payroll process at Defendant for all employees.

19. Plaintiff Barbatine Norceide was formerly employed as a unit secretary for Defendant, working at the Cambridge hospital and residing in Randolph, Massachusetts; and Plaintiff Narces Norceide is currently employed as a registered nurse for Defendant working at both the Cambridge hospital and Whidden hospital and residing in Randolph, Massachusetts.

## FACTUAL BACKGROUND

20. Pursuant to Defendant's automatic deductions for meal breaks, Defendant's timekeeping system automatically deducts a ½ hour from employees' paychecks each day for a meal break even though Defendant fails to ensure that employees were relieved from duty for a meal break and employees did in fact perform work during those breaks and were not paid for that time.

21. Plaintiffs and the Class Members did in fact perform work during meal breaks and also missed meals, yet were not paid for that time, as there was no override of the Defendant's automatic deduction. Plaintiffs and the Class Members were also regularly interrupted with work-related matters during meal breaks. Plaintiffs (and the Class Members) should, for example, be paid for their full 8.5 hour shift or 12.5 hour shifts on such occasions, and not simply for 8 hours or 12 hours respectively as results from the automatic deduction.

22. Defendant maintains this policy throughout all of its locations.

23. Plaintiffs and the Class Members also frequently began work before their scheduled shift or after their scheduled shift, but they were paid based on their scheduled shift only and Defendant actively failed and refused/discouraged payment of time outside of scheduled shifts, creating an atmosphere were time-worked outside of the scheduled shift was "swept under the rug" and not paid.

23. Defendant has, until the recent weeks, had absolutely no record-keeping of the time non-exempt employees actually work, paying them based on scheduled time, rather than the time they arrive for and begin work, and leave and stop work.

24. Defendant has failed to pay Class Members overtime as well under the rationale that overtime will not be paid unless it is pre-approved.

25. All of this happens with supervisory and/or management knowledge and it has been an expectation of supervisors/management and, thus, it has happened with willful disregard of Plaintiffs' and the Class Members' rights under federal and state wage/hour laws.

26. It happens to all categories of non-exempt employees, such as secretaries, laboratory employees, certified nurses assistants, registered nurses, and technicians, as well as other employees such as maintenance and food workers.

27. Among the relief sought, Plaintiffs and Class Members seek injunctive relief to prevent Defendant from continuing the illegal policies and practices.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

28. Plaintiffs and the Class Members repeat and reallege the allegations above as if fully stated herein.

29. Defendant has failed and willfully failed to pay Plaintiffs and the Class Members for all time worked under federal law, entitling Plaintiffs and the Class Members to 3 years worth of damages.

### COUNT II: VIOLATION OF MASSACHUSETTS STATUTORY LAW

30. Plaintiffs and the Class Members repeat and reallege the allegations above as if fully stated herein.

31. Defendant has failed to pay Plaintiffs and the Class Members for all time worked under Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B, including time worked during meal breaks and before and after scheduled shifts. (Plaintiffs recognize there is no private right of action for failure to get a meal break under Massachusetts statutory law, but the time they worked through such meal breaks should be time for which they were compensated and there should have been no automatic deduction assuming they did not work during that time. As such, this claim is framed as an uncompensated time claim, not a failure to have a 30 minute meal break.).

32. Plaintiffs have suffered damages in the form of uncompensated time, which should be trebled and attorneys' fees awarded.

**WHEREFORE**, Plaintiffs and Class Members demand judgment against Defendant in their favor and that they be given the following relief:

(a) an order preliminarily and permanently restraining Defendant from engaging in

the aforementioned pay violations;

(b) an award of the value of Plaintiffs' and Class Members unpaid wages, including fringe benefits;

(c) liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to Plaintiffs and Class Members;

(d) an award of treble damages, reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Plaintiffs' and Class Members rights;

(e) an award of pre- and post-judgment interest; and

(f) such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Respectfully submitted
On behalf of the Plaintiffs,

By: *[signature]*
PETER RUSSELL (BBO # 638368)
RUSSELL & ASSOCIATES, LLC
200 Highland Avenue – Ste. 304
Needham, MA 02494
(781) 444-5151
(781) 444-5252 (f)
prussell@russlegal.com

DATED: October 12, 2010