# United States District Court
# District of Massachusetts

BARBATINE NORCEIDE,
NARCES NORCEIDE,
JACK WALSH,
COLES VOYARD,
JOHN BRYANT,
BARBARA BURNS,
NOELLE AKIN, ETC., ET AL.,
        Plaintiffs,

    v.                            CIVIL ACTION NO. 10-11729-NMG

CAMBRIDGE HEALTH ALLIANCE,
    ETC.,
        Defendants.

*REPORT AND RECOMMENDATION ON DEFENDANT CAMBRIDGE HEALTH ALLIANCE'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO COMPEL AGAINST CERTAIN <u>NON-RESPONSIVE PLAINTIFFS (#81)</u>*

COLLINGS, U.S.M.J.

I RECOMMEND that Defendant Cambridge Health Alliance's Motion to Dismiss, or, in the Alternative, to Compel Against Certain Non-Responsive Plaintiffs (#81) be ALLOWED in part and otherwise DENIED.

First, as to plaintiffs Virginia Caples, Marie Caccciola, Brenda Diggs, Clifford Forcillo, Maxine Koerber, Susan Marks, Cynthia Farnsworth, Evan Lowry, Francis Savard, Kathleen Liep and Glenys Carrasco, I RECOMMEND that their claims be DISMISSED, counsel for the plaintiff not opposing dismissal of the claims of these eleven plaintiffs.

Second, I RECOMMEND that the Court issue an Order, pursuant to Rule 37(a)(1), Fed. R. Civ. P., that plaintiff Jill Linden appear for and submit to her deposition on a date convenient to counsel but in no event later than thirty calendar days after the District Judge acts on the within Report and Recommendation.

Third, I RECOMMEND that the motion to dismiss be DENIED to the extent that it seeks dismissal of the claims of those plaintiffs who did not respond to the questionnaire. There was absolutely no warning to these plaintiffs that if they did not answer the questionnaire, their claims would be dismissed, and it is manifestly unfair to subject them to a sanction of dismissal in these circumstances.

Fourth, since the undersigned was not privy to the litigation which resulted in permission to send out the questionnaires or the reasoning behind the Order,[1] I RECOMMEND that the District Judge rule that if the defendant wishes to re-send the questionnaire to some or all of those who did not respond, they must file a motion seeking leave to do so setting forth in detail why this is necessary in view of the discovery, including completed questionnaires, which has been received in the case. *See* Rule 26(b)(1)(C), Fed. R. Civ. P.

## *Review by the District Judge*

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*,

---

[1] It may well be that it was anticipated that not every plaintiff would return the questionnaire but that enough would return completed questionnaires to satisfy the defendant's discovery needs.

3

848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: May 21, 2013.